1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MR. KENNETH A. SMITH,

11            Plaintiff,                         No. 2:10-cv-2540-JFM (PC)

12        vs.

13   C.D.C. STATE PROLE [SIC]
     DIVISION , etc.,

14
              Defendants.                        ORDER

15   _____/

16            Plaintiff is a former state prisoner on parole proceeding pro se.  Plaintiff seeks

17   relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis

18   pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302

19   pursuant to 28 U.S.C. § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22            The court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

25   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

26   /////

                                                1

1    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

2    U.S.C. § 1915A(b)(1),(2).

3          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9    Cir. 1989); Franklin, 745 F.2d at 1227.

10         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

11   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

12   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

13   Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

14   U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

15   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

16   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

17   id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

18   defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

19   v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn

20   quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

21   standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

22   and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

23   U.S. 232, 236 (1974).

24         The court finds the allegations in plaintiff's complaint so vague and conclusory

25   that it is unable to determine whether the current action is frivolous or fails to state a claim for

26   relief.  The court has determined that the complaint does not contain a short and plain statement

2

1   as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

2   policy, a complaint must give fair notice and state the elements of the claim plainly and

3   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

4   must allege with at least some degree of particularity overt acts which defendants engaged in that

5   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

6   R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

7   an amended complaint.

8          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

9   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

10  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

11  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

12  there is some affirmative link or connection between a defendant's actions and the claimed

13  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

14  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

15  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

16  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

18  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

19  complaint be complete in itself without reference to any prior pleading.  This is because, as a

20  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

21  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

22  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

23  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24         On October 5, 2010, plaintiff filed a document which has been docketed as a

25  "motion for transfer."  It appears that by this document plaintiff is seeking to have this action

26  /////

1  proceed in this court.  The action was filed here.  Plaintiff's motion will be denied as

2  unnecessary.

3  In accordance with the above, IT IS HEREBY ORDERED that:

4  1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

5  2.  Plaintiff's complaint is dismissed.

6  3.  Within thirty days from the date of this order, plaintiff shall complete the

7  attached Notice of Amendment and submit the following documents to the court:

8  a.  The completed Notice of Amendment; and

9  b.  An original and one copy of the Amended Complaint.

10  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

11  Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

12  bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

13  file an amended complaint in accordance with this order may result in the dismissal of this

14  action.

15  4.  Plaintiff's October 5, 2010 motion is denied as unnecessary.

16  DATED: October 18, 2010.

17

18  _____
   UNITED STATES MAGISTRATE JUDGE

19

20  12
   smit2540.14
21

22

23

24

25

26

4

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MR. KENNETH A. SMITH,

11              Plaintiff,                    No. 2:10-cv-2540-JFM (PC)

12         vs.

13    C.D.C. STATE PROLE [SIC]
      DIVISION , etc.,

14
                Defendants.              NOTICE OF AMENDMENT
15    _____/

16         Plaintiff hereby submits the following document in compliance with the court's

17    order filed _____:

18         _____      Amended Complaint

19    DATED:

20

21

22

23                                       _____
                                         Plaintiff

24

25

26