1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MR. KENNETH A. SMITH,

11              Plaintiff,                  No. 2:10-cv-2540-JFM (PC)

12        vs.

13   C.D.C. STATE PROLE [SIC]
     DIVISION , etc.,
14

15              Defendants.                 ORDER
     _____/

16              Plaintiff is a former state prisoner on parole proceeding pro se and in forma

17   pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  By order filed October 18,

18   2010, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has

19   now filed an amended complaint.

20              The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

25   U.S.C. § 1915A(b)(1),(2).

26   /////

                                        1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

2

1   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

2   must allege with at least some degree of particularity overt acts which defendants engaged in that

3   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

4   R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

5   a second amended complaint.

6         If plaintiff chooses to filed a second amended complaint, plaintiff must

7   demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

8   constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second

9   amended complaint must allege in specific terms how each named defendant is involved.  There

10  can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

11  between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362

12  (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

13  743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in

14  civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

15  1982).

16        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

17  order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an

18  amended complaint be complete in itself without reference to any prior pleading.  This is

19  because, as a general rule, an amended complaint supersedes any prior complaint.  See Loux v.

20  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, prior

21  complaints no longer serve any function in the case.  Therefore, in a second amended complaint,

22  as in an original complaint, each claim and the involvement of each defendant must be

23  sufficiently alleged.

24  /////

25  /////

26  /////

3

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's amended complaint is dismissed.

3    2.  Within thirty days from the date of this order, plaintiff shall complete the

4  attached Notice of Amendment and submit the following documents to the court:

5    a.  The completed Notice of Amendment; and

6    b.  An original and one copy of the Second Amended Complaint.

7  Plaintiff's second amended complaint shall be prepared on the form provided with this order and

8  shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure,

9  and the Local Rules of Practice; the second amended complaint must bear the docket number

10  assigned this case and must be labeled "Second Amended Complaint"; failure to file a second

11  amended complaint in accordance with this order may result in the dismissal of this action.

12  DATED: November 15, 2010.

14  UNITED STATES MAGISTRATE JUDGE

16  12
17  smit2540.14sec

4

1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10 MR. KENNETH A. SMITH,

11            Plaintiff,               No. 2:10-cv-2540-JFM (PC)

12      vs.

13 C.D.C. STATE PROLE [SIC]
   DIVISION , etc.,

14

15           Defendants.        <u>NOTICE OF AMENDMENT</u>
   _____/

16          Plaintiff hereby submits the following document in compliance with the court's

17 order filed _____:

18         _____       Second Amended Complaint

19 DATED:

20

21

22

23                         Plaintiff

24

25

26